Kevin K. Tung, Esq.
KEVIN KERVENG TUNG, P.C.
Queens Crossing Business Center
136-20 38th Avenue, Suite 3D
Flushing, NY 11354
(718) 939-4633
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NORTHERN FOOD I/E INC., <br><br> Plaintiff, <br><br> -against- <br><br> GEMINI FOOD CORPORATION, <br><br> Defendant. | Civil Action No: <br><br> Complaint <br><br> Jury Trial Demanded |

Plaintiff Northern Food I/E Inc. ("Northern Food") through its attorneys complaining of defendant Gemini Food Corporation ("Gemini") states and alleges as follows:

## THE PARTIES

1. Northern Food is a New York corporation with its principal place of business at 117 State Street, Westbury, New York 11590.

2. Upon information and belief, Gemini is a California corporation with its principal place of business at 251 Benton Ct, Walnut, California 91789.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because it is between citizens of different states, the amount in controversy exceeds $75,000, and there is complete diversity.

1

4.      This Court has *in personam* jurisdiction over Gemini because Gemini conducts continuous, systematic, and routine business within this judicial district and/or because Gemini has committed tortious acts in this district.

5.      Plaintiff's federal law claim is predicated upon the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the underlying actions that give rise to the claims asserted in this Complaint originated in, and took place in this District and Gemini is subject to personal jurisdiction in this District.

## GENERAL ALLEGATIONS

7.      Plaintiff Northern Food is an importer, distributor and wholesaler of Asian food. It sells noodles, condiments, frozen food, bean products and pickles across America. Over the years, Northern Food has built an efficient customer network in the United States and accumulated considerable goodwill and reputations among its customers.

8.      Foshan Hai Tian Flavoring & Food Company Limited ("Hai Tian") is a Chinese public company that manufactures sauces and flavorings. It is the owner of the famous trademark "haday," which is registered with the United States Trademark Office.

9.      In or about October 2015, Northern Food entered into a Distribution Agreement with Hai Tian. Under the Distribution Agreement, Hai Tian grants Northern Food exclusive right to distribute its products in "Asian retail market of middle and eastern American only (states within Eastern and Middle Time Zone regions)." A copy of the Distribution Agreement is annexed herewith as **Exhibit A**.

10.     In reliance on the exclusive distribution territory rights granted to it by Hai Tian in the Distribution Agreement, Northern Food has invested substantial monies in advertising and

promoting Hai Tian's products and trademark in the Central and Eastern Time Zone. And Northern Food has also utilized its existing customer network to promote Hai Tian's brand and products. Because of Northern Food's efforts, the sale of Hai Tian's products has reached a new high level within the Central and Eastern Time Zone.

11. Upon information and belief, defendant Gemini is a California company which is also in the business of importation and distribution of Asian food. It is a competitor of Northern Food.

12. Upon information and belief, Gemini has a distribution agreement with Hai Tian, which is similar to Northern Food's version, except that it grants Gemini exclusive right to distribute Hai Tian's products in the Pacific and Mountain Time Zones of the United States.

13. It has come to Northern Food's attention that since October 2015, Gemini has constantly distributed Hai Tian's products to the Eastern and Central Time Zone (including the market within this District), which are exclusively Northern Food's distribution regions under its Distribution Agreement with Hai Tian.

14. Since October, 2015, Gemini has been free-riding Northern Food's efforts and expenses of promoting and advertising Hai Tian's products within the Central and Eastern Time Zone, including this District.

15. Gemini's distributions of Hai Tian's products in the Central and Eastern Time Zone have interfered with the economic and contractual relationships between Northern Food and its current and prospective customers.

16. On or about September 8, 2017, through attorneys, Northern Food sent out a Cease and Desist letter to Gemini regarding Gemini's illegal distribution of Hai Tian's products in the Eastern and Central Time Zones. A copy of the letter is annexed herewith as **Exhibit B**.

17. In a letter dated October 5, 2017, Gemini responded that, among other things, Northern Food's distribution territory spanned the Eastern United States, whereas Gemini had exclusive rights over the Western United States and contended that the Central Time Zone was part of the Western United States. A copy of Gemini's response letter is annexed herewith as **Exhibit C**.

18. Even after Northern Food sent a distribution map prepared by Hai Tian (showing that Northern Food's distribution regions include Eastern and Central Time Zone) to Gemini's attorney, Gemini still contended that the Central Time Zone was its distribution area. A copy of Northern Food's letter with the distribution map is annexed herewith as **Exhibit D**.

19. As of today, Gemini is still distributing Hai Tian's products to areas within the Central and Eastern Time Zone, including this District. See annexed photos as **Exhibit E** for products distributed by Gemini sold in a New Jersey supermarket.

### FIRST CLAIM FOR RELIEF
### (Declaratory Judgment)

20. Northern Food realleges and incorporates herein by reference Paragraphs 1 through 19 of this Complaint.

21. Since October 2015, Gemini has been distributing Hai Tian's products to areas in the Central and Eastern Time Zone, including this District.

22. After receiving Cease and Desist letter, Gemini continued such distribution and challenged Northern Food's exclusive right to distribute in the Central and Eastern Time Zone, granted by the Distribution Agreement with Hai Tian.

23. Gemini's actions and corresponding threats have created uncertainty and insecurity in Northern Food's distribution rights.

24. Northern Food desires, among other things, to expedite and simplify the ascertainment of uncertain and disputed rights, and desires a speedy determination of the controversy and dispute created by Gemini.

25. Based on the facts alleged herein, and under all the circumstances, there is a substantial controversy between Northern Food and Gemini of sufficient immediacy and reality to warrant the issuance of a declaratory judgment by this Court.

26. Northern Food is entitled to a declaratory judgment that Northern Food's Distribution Agreement with Hai Tian is valid and enforceable and that Northern Food is the exclusive distributor of Hai Tian's products in the Central and Eastern Time Zone of the United States.

**SECOND CLAIM FOR RELIEF**
**(Tortious Interference with Contract and Economic Advantage)**

27. Northern Food realleges and incorporates herein by reference Paragraphs 1 through 26 of this Complaint.

28. Northern Food has established and maintained advantageous economic relationship and/or contracts with customers in its exclusive distribution territory to whom Gemini is now distributing Hai Tian's products.

29. Gemini knew of the economic relationship and/or contracts that existed between Northern Food and its customers.

30. Gemini is intentionally interfering with the economic and contractual relationships between Northern Food and its current and prospective customers.

31. As a direct result of the intentional and wrongful interference by Gemini, Northern Food has suffered damages in an amount to be determined by the trial jury.

### THIRD CLAIM FOR RELIEF
### (Unjust Enrichment)

32. Northern Food realleges and incorporates herein by reference Paragraphs 1 through 31 of this Complaint.

33. By free-riding Northern Food's efforts and expenses in promoting Hai Tian's products in the Central and Eastern Time Zone and by selling to Northern Food's current and prospective customers within the Central and Eastern Time Zone, Gemini has obtained benefits from Northern Food which has caused significant harm to Northern Food and led to significant financial gain to Gemini.

34. Gemini has acquired the benefits voluntarily and with full knowledge of the benefits.

35. Gemini has retained the benefits under such circumstances that make it unjust and inequitable for Gemini to retain the benefits without paying Northern Food the value of the benefits Gemini acquired.

36. There is no adequate remedy at law to fully compensate Northern Food for the harm caused by Gemini's unjust enrichment.

### FOURTH CLAIM FOR RELIEF
### (Unfair Competition and Deceptive Trade Practices-State Common Law)

37. Northern Food realleges and incorporates herein by reference Paragraphs 1 through 36 of this Complaint.

38. The defendant's acts complained of herein constitute unlawful acts of unfair competition and deceptive trade practices, and have caused and will continue to cause substantial and irreparable damage and injury to the plaintiff and to the public.

39. The defendant has benefitted from these unlawful acts and will continue to carry out these acts unless enjoined by this Court. Northern Food therefore entitled to injunctive relief in additional to the monetary damages caused by the defendant's actions.

## FIFTH CLAIM FOR RELIEF
### (Injunctive Relief)

40. Northern Food realleges and incorporates herein by reference Paragraphs 1 through 39 of this Complaint.

41. The continued commission of the acts complained of herein will produce great and irreparable injury to Northern Food.

42. Preliminary and permanent injunction relief is warranted to preclude Gemini from causing additional irreparable harm during the period of this litigation and thereafter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Northern Food prays that judgment be entered in its favor and against Defendant Gemini on each and every claim asserted herein, and that it be awarded the following relief:

a. Monetary damages, in an amount to be calculated at trial;

b. All applicable statutory penalties;

c. A declaration that the Distribution Agreement between Northern Food and Hai Tian is valid and enforceable and Northern Food is the exclusive distributor for Hai Tian's products in the Eastern and Central Time Zone of the United States, including this District;

d. Pre-judgment interest;

e. Post-judgment interest;

f. Litigation costs and expenses, including reasonable attorneys' fees; and

    g. Any such preliminary or permanent relief, including equitable relief, as this Court deems just and proper under the circumstances.

## **JURY DEMAND**

Northern Food demands a jury trial on all issues so triable.

Dated: Queens, New York
April 27, 2018

                              KEVIN KERVENG TUNG, P.C.
                              Attorneys for Plaintiff


                              */s/Kevin K. Tung*
                              By: Kevin K. Tung, Esq.
                              Queens Crossing Business Center
                              136-20 38th Avenue, Suite 3D
                              Flushing, NY 11354
                              (718) 939-4633

## LOCAL CIVIL RULE 201.1 CERTIFICATION

The undersigned certifies that to the best of his knowledge, information and belief, the substantial damages and irreparable injury to Northern Food I/E Inc. from the acts set forth in the foregoing Complaint is in excess of $150,000, exclusive of interest and costs. I certify under penalty of perjury that the foregoing is true and correct. Executed this 27th day of April, 2018, at Queens, New York.

                                          */s/Kevin K. Tung*
                                          Kevin K. Tung, Esq.

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

Pursuant to Local Civil Rule 11.2 of the United States District Court for the District of New Jersey, I hereby certify that the matter in controversy is not the subject of any other pending or contemplated court action or arbitration proceeding and know of no additional parties who should be joined in this action.

Dated: 4/27/2018

                                                  */s/Kevin K. Tung*
                                                Kevin K. Tung, Esq.